# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN J. SCHROEDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv-00433-OWW GSA PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. 9) |

**I.     Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the Court is the December 27, 2010, first amended complaint, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

**II.    Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison (PVSP), brings this civil rights action against defendant correctional officials employed by the CDCR at PVSP. Plaintiff names as defendants the following individuals employed at PVSP: Warden James Yates; Chief Medical Officer F. Igbinoza. Plaintiff also names as defendants the Secretary of the CDCR and J. Clark Kelso, the Federal Medical Receiver.

Plaintiff claims that defendants have subjected him to exposure to Valley Fever. Specifically,

Plaintiff alleges that defendants "had prior knowledge that San Joaquin Valley Fever has caused severe injury and death to many staff and inmates in the endemic area in which this prison is located." (Am. Compl. ¶ IV.)   In the original complaint, Plaintiff alleged that he suffers from emphysema and chronic obstructive pulmonary disease (COPD).

### A.   Valley Fever

The courts of this district have found such claims to be insufficient.  "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains." such as "acts of omissions of Defendants have caused an excessively high risk of contracting Valley Fever at PVSP."  Plaintiff cannot, therefore, hold defendants liable for his exposure to Valley Fever.

### B.   Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay

in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### III.   Conclusion and Recommendation

In the order dismissing the original complaint, Plaintiff was advised that in order to hold defendants liable, he must allege facts indicating that defendants were deliberately indifferent to his emphysema or COPD. Plaintiff was specifically advised that exposure to Valley Fever, of itself, does not subject defendants to liability. Defendants may, however, be held liable under the Eighth Amendment for failure to treat Plaintiff's symptoms, or for failure to treat Plaintiff's COPD. The original complaint failed to state a claim because Plaintiff did not allege any conduct on behalf of the named defendants indicating that they were deliberately indifferent to Plaintiff's condition, as that term is defined above. Plaintiff was advised that he must allege some facts indicating that defendants interfered with, delayed or prevented treatment for his emphysema and COPD.

In the first amended complaint, Plaintiff re-states the allegations of the original complaint. Plaintiff adds the allegation that defendants had prior knowledge that Valley Fever existed at PVSP before Plaintiff was transferred. Plaintiff was clearly advised that such an allegation, of itself, fails to state a claim for relief. Plaintiff does not allege any conduct on behalf of any of the named defendants regarding the treatment, or failure to treat, his COPD, emphysema, or any symptoms associated with Valley Fever. Simply put, defendants can not be held liable for the presence of Valley Fever. They may, however, be held liable for failure to treat a serious medical condition that they knew of. There are no such allegations here. The first amended complaint must therefore be dismissed. The Court will recommend that the first amended complaint be dismissed with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days
2  after being served with these findings and recommendations, any party may file written objections
3  with the court and serve a copy on all parties. Such a document should be captioned "Objections to
4  Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served
5  and filed within ten days after service of the objections. The parties are advised that failure to file
6  objections within the specified time waives all objections to the judge's findings of fact. See Turner
7  v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may
8  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  IT IS SO ORDERED.

13  Dated:   **January 4, 2011**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE