IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN J. SHCROEDER,<br><br>            Plaintiff,<br><br>      v.<br><br>JAMES A. YATES, et al.,<br><br>            Defendants. | NO. 1:10-cv-00433-OWW-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE OBJECTIONS<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(ECF No. 11) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 4, 2011, findings and recommendations were entered, recommending dismissal of this action for Plaintiff's failure to state a claim upon which relief could be granted. The Court found that the first amended complaint failed to cure the defects identified in an earlier order dismissing the original complaint for failure to state a claim.

On January 26, 2011, Plaintiff filed a document titled as a "Motion to Grant Postponement of Final Judgment and Motion to Transfer Venue." Plaintiff seeks a stay of this action pending his anticipated release from CDCR custody on March 23, 2011. Plaintiff indicates that "additional time is required to secure counsel and to allow said counsel the

1  opportunity to prepare a more presentable case in the plaintiff's behalf, including the objection
2  brief now due February 7, 2011."   Plaintiff also seeks a change of venue to the Central District
3  on the grounds that the central valley of California is home to a large number of state prisons that
4  could, in Plaintiff's view, have an adverse effect on his case.   Plaintiff also indicates that he will
5  be paroled to Los Angeles County, and it would "prevent hardship on both the Plaintiff and his
6  counsel" to litigate this case in the central district.

7       As to Plaintiff's request for a stay, the Court finds that Plaintiff has not presented a
8  persuasive argument for a stay.  The issues in this case are not complex.  Plaintiff alleges that
9  Defendants were deliberately indifferent to his serious medical needs.  The Court recommended
10 dismissal because Plaintiff failed to allege sufficient facts to support his claim.  The complaint
11 did not fail for want of legal analysis.  The Court finds that Plaintiff is capable of articulating his
12 claims, and finds that this case is not exceptional withing the meaning of <u>Mallard v. United
13 States District Court for the Southern District of California</u>, 490 U.S. 296, 298 (1989) and <u>Rand
14 v. Rowland</u>, 113 F.3d 5120, 5125 (9th Cir. 1997), and therefore does not warrant the appointment
15 of counsel.  Plaintiff's request for a stay until he is released and can secure counsel is therefore
16 denied.

17       As to Plaintiff's request for change of venue, the federal venue statute requires that a civil
18 action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district
19 where any defendant resides, if all defendants reside in the same state, (2) a judicial district in
20 which a substantial part of the events or omissions giving rise to the claim occurred, or a
21 substantial part of the property that is the subject of the action is situated, or (3) a judicial district
22 in which any defendant may be found, if there is no district in which the action may otherwise be
23 brought." 28 U.S.C.  §  1391(b).   There is no authority for the proposition that a court can
24 transfer a case to another district on the ground that it is more convenient for the plaintiff.  The
25 claims in this case arose in Fresno County.  There are no allegations in the first amended
26 complaint that any of the defendants reside in Los Angeles County, or that any of the claims

2

arose in Los Angeles County.  That Plaintiff will reside in Los Angeles County after his release is not an adequate ground on which to transfer this action.   Plaintiff further argues that this action should be transferred on the ground that a number of state prisons are located in the central valley and "that could have an adverse effect on Plaintiff's case."  Plaintiff's argument lacks merit.  The federal venue statute referred to above clearly requires that venue lies where the events occurred or where defendants reside.  An argument that a prisoner civil rights case should be transferred because the court is located in a part of the state where prisons are located lacks any legal support.

Plaintiff's motion for a stay and for a change of venue should therefore be denied.  The Court will, however, grant Plaintiff an extension of time to file objections to the findings and recommendations. No further extensions of time will be granted except upon a showing of good cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a stay is denied.

2. Plaintiff's motion for a change of venue is denied.

3. Plaintiff is granted an extension of time of thirty days from the date of service of this order in which to file objections to the January 4, 2011, Findings and Recommendations.

IT IS SO ORDERED.

Dated:   **March 1, 2011**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

3